# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br>v.<br>JONATHAN MOSZ<br>　　Defendant. | Case No. 2:22-cr-00103-ART-NJK<br>**Report and Recommendation**<br>[Docket No. 34] |

Pending before the Court is Defendant's motion to dismiss Count One of the indictment for failure to state an offense. Docket No. 34. The United States responded, Docket No. 37, and Defendant replied, Docket No. 39. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons more fully discussed below, the undersigned **RECOMMENDS** that Defendant's motion be **DENIED.**

### I.　BACKGROUND

On May 17, 2022, a grand jury sitting in Las Vegas, Nevada issued an indictment against Defendant. Docket No. 1. The indictment charged Defendant with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *Id.* at 1-2. Defendant now seeks to dismiss Count One of the indictment, felon in possession of a firearm, for failure to state an offense. Docket No. 34 at 1.

Defendant submits that the indictment fails to allege sufficient facts to establish that he possessed a firearm that traveled in interstate commerce. *Id.* at 2. Specifically, he submits that, because the firearm he allegedly possessed was a ghost gun, depending on how it was manufactured and shipped, it may never have traveled in interstate commerce so as to establish the requisite jurisdictional element. *Id.* The United States responds that Defendant's motion is an attempt to use Federal Rule of Criminal Procedure 12 as a pretrial alternative to Federal Rule of

Criminal Procedure 29.  Docket No. 37 at 1.  The United States further submits that the indictment sufficiently identifies the conduct Defendant is charged with, *id.* at 3-4, and adequately tracks the language of the statute Defendant allegedly violated, *id.* at 4-5.  Defendant replies that his motion is not an attempt to bring a Federal Rule of Criminal Procedure 29 motion under the guise of a Federal Rule of Criminal Procedure 12 motion, and that the indictment fails to allege sufficient facts to establish that he possessed a firearm that traveled in interstate commerce.  Docket No. 39 at 2-6.  Defendant further submits that reciting the elements of a statute in an indictment does not satisfy the requirements of the Sixth Amendment.  *Id.* at 6-7.

**II.    DISCUSSION**

Pursuant to Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows a defendant to move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense."  In determining a motion to dismiss an indictment, the Court may not look beyond "the four corners of the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).  The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (citing *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)).

In considering a motion to dismiss an indictment, a court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.  The indictment either states an offense or it does not.  There is no reason to conduct an evidentiary hearing." *Boren*, 278 F.3d at 914.  A defendant moving to dismiss an indictment bears the burden of demonstrating a factual basis for the motion to dismiss.  *See United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003); *United States v. Lazarevich*, 147 F.3d 1061, 1065 (9th Cir. 1998).

An indictment is generally considered sufficient if it sets forth the elements of the offense charged.  *United States v. Fernandez*, 388 F.3d 1199, 1200 (9th Cir. 2004).  An indictment is "sufficient if: (1) it contains the elements of the offense charged and fairly informs the defendant

of the charge against which he must defend; and (2) it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002) (citing *Hamling v. United States*, 418 U.S. 87 (1974)). *See also Russell v. United States*, 369 U.S. 749, 763-764 (1962); Fed. R. Crim. P. 7(c). An indictment is generally sufficient if it sets forth the offense in the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offenses intended to be punished." *Hamling*, 418 U.S. at 117.

An indictment will withstand a motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (quoting *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988)). "The Supreme Court has held that it is acceptable for an indictment to set forth the offense in the language of the statute itself provided that the language clearly sets forth all the requisite elements of the offense without ambiguity." *Rosi*, 27 F.3d at 414 (quoting *Hamling*, 418 U.S. at 117). The sufficiency of an indictment is determined by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the government can prove its case." *Blinder*, 10 F.3d at 1471 (internal citation omitted). *See also United States v. Gondinez-Rabadan*, 289 F.3d 690, 633 (9th Cir. 2002) ("test of the sufficiency of the indictment is ... whether it conforms to minimal constitutional standards").

Applying the well-established law, the Court finds that the count charged in the indictment is sufficient. The indictment complies with the requirements set forth by the Ninth Circuit in *Hill*, 279 F.3d at 741, and *Rosi*, 27 F.3d at 414, because it contains the elements of the charged offense, enables Defendant to prepare his defense, enables Defendant to plead double jeopardy, and informs the Court of the alleged facts so that it can determine the sufficiency of the charge. *See Blinder*, 10 F.3d at 1476 ("An indictment ... need only set forth the essential facts necessary to inform the

defendant of what crime she is charged; it need not explain all factual evidence to be proved at trial").

### III. CONCLUSION

For the reasons more fully discussed above, **IT IS RECOMMENDED** that Defendant's motion to dismiss Count One of the indictment for failure to state an offense be **DENIED**. Docket No. 34.

Dated: January 3, 2023

Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).